Orlando Antonio **GRAJALES;**
et al., Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–73271.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathryn Railsback, Boise, ID, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, David V. Bernal, Anthony P. Nicastro, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Allan Burrow, USBO–Office of the U.S. Attorney MK Plaza, Plaza IV, Boise, ID, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Orlando Antonio Grajales, his wife and two daughters, and Deison Blandon and his wife, natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we deny the petition for review.

■ Substantial evidence supports the BIA's conclusion that petitioners have failed to demonstrate that the guerillas threatened petitioners and demanded money from them on account of a protected ground. *See Elias–Zacarias,* 502 U.S. at 482–83, 112 S.Ct. 812. Contrary to petitioners' contention, the record does not demonstrate that the petitioners communicated a political opinion to the guerillas and the evidence does not compel a finding that the guerillas were motivated, even in part, by petitioners' political opinion. *Cf. Borja v. INS,* 175 F.3d 732, 735–36 (9th Cir.1999). Accordingly, they have failed to establish eligibility for asylum. *See id.* at 481.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent requirements for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

■ Substantial evidence supports the BIA's finding that petitioners failed to demonstrate that it is more likely than not that they will be tortured if they return to Colombia. *See Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.